# CASES

# SUPREME JUDICIAL COURT

---

## ISAAC HOBART *vs.* JONATHAN BARTLETT.

Where an interested deponent states in his deposition, that the party calling him, and in whose favor the interest is, has given him a release, without producing it that the Court may judge of its sufficiency, his incompetency is not removed.

ASSUMPSIT upon a note signed by *Giles Humphrey* and *Alexander Foster*, as principals, and by the defendant as their surety. The suit was against *Bartlett* alone. The deposition of *Humphrey*, one of the principals in the note, who had left the State and was insolvent, was offered in evidence by the defendant. This was objected to because the deponent was interested. There was no evidence of a release, unless contained in the deposition; and the only statement in relation to it found therein, is contained in the following interrogatory and the answer of the deponent thereto.

"*Int.* 5. Has the defendant given you a release from all liability to him for damages and costs that may arise to him in consequence of having signed this note as your surety? Have you any interest in the event of this suit? To the fifth, the deponent answers, the defendant, *Jonathan Bartlett*, has given me such a release, as that mentioned in this interrogatory. And I have no interest in the event of this suit."

If the deposition was not admissible, the defendant was to be defaulted.

*J. Granger*, for the plaintiff, contended, that the deponent had a direct interest in the event of this suit, as the defendant could recover of him all paid in consequence of a recovery in this action. Such witness cannot be permitted to testify until his interest is removed.

*D. T. Granger*, for the defendant, contended, that the deponent's interest was balanced. If the plaintiff prevails, the defendant has a right of action against the witness, and if the defendant prevails, the plaintiff still has his remedy against the witness. But if he had an interest, it was released. When the testimony is by deposition, the only way in which the removal of the interest can be shown, is from the answer of the deponent that he has been released.

· The opinion of the Court was by

SHEPLEY J. — The defendant is surety, and will be entitled upon payment to call upon the witness to repay to him the amount thus paid. The witness is therefore interested in the event of the suit. Whether a witness is incompetent by reason of interest is a preliminary question to be decided by the Court before he can be admitted to testify.

When the interest is apparent and it is proposed to discharge it by a release, the Court must judge of its sufficiency. In this case no release is produced, and the Court cannot decide upon it. The witness cannot be permitted to do it, nor can he be allowed to testify to any fact in the case before the Court has decided, that he is competent. To decide the witness to be competent would deprive the Court of the power of performing its appropriate duty and devolve it upon the witness.

*Defendant defaulted.*